IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL A. COURTRIGHT, III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.                    Case No. 12-cv-1078-DRH

### MEMORANDUM & ORDER

HERNDON, Chief Judge:

#### I.    INTRODUCTION

Pending before the Court are petitioner's motions to request the Honorable Chief Judge Herndon under federal rules recuse himself from hearing this case (Doc. 17) and to provide a copy of the docket sheet and 28 U.S.C. § 2255 rules (Doc. 18). For the following reasons, petitioner's motion requesting the undersigned's recusal is **DENIED** (Doc. 17). Petitioner's motion for copies is **GRANTED in part and DENIED in part** (Doc. 18).

#### II.    LAW AND APPLICATION

Petitioner's motion for recusal cites various statements from petitioner's criminal sentencing hearing, s*ee Courtright v. United States,* 07-cr-30179-DRH, Doc. 130, and argues such statements demonstrate the undersigned's personal bias and hatred of petitioner. On this basis, petitioner feels the undersigned

cannot undertake a fair and unbiased review of petitioner's instant 28 U.S.C. § 2255 petition.

First, the Court notes that while petitioner takes issue with the assignment of his Section 2255 petition, it is well-settled that the normal and appropriate procedure is to assign a Section 2255 motion to the sentencing judge. By statute, the motion is to be made before, "the court which imposed the sentence." 28 U.S.C. § 2255(a). Although the term "court" as opposed to "judge" is used, it is generally accepted that Congress intended district judges to review proceedings over which they presided. *See Eaton v. United States,* 458 F.2d 704, 708 (7th Cir. 1972). This preference favors the same judge who presided over the criminal proceedings, as he "may bring to bear his personal knowledge of the prior proceedings, which is an advantage rather than a mark of inherent prejudice." *Id.* While petitioner disagrees, the Court sees no reason to waver from the statutory preference.

Additionally, as petitioner relies on statements of the undersigned made at petitioner's sentencing, it appears petitioner confuses sentencing rationale with personal bias. The Court does not have personal bias against petitioner. The statements to which petitioner refers represent dispassionate comments designed to explain the reasons behind the Court's sentence. At sentencing, the Court is required to make an individualized assessment of the appropriate sentence based on the applicable sentencing factors. *See Gall v. United States,* 552 U.S. 38, 49–50 (2007); *United States v. Booker,* 612 F.3d 596, 601 (7th Cir. 2010).

"Ultimately, the court 'must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Borozck,* --- F.3d ----, 2013 WL 197709, *5 (7th Cir. Jan. 18, 2013) (citing *Gall,* 552 U .S. at 50). Thus, as the Court was merely explaining the reasons for the sentence imposed, as it must, and was not displaying personal bias or hatred, petitioner's motion to recuse is **DENIED** (Doc. 17).

Finally, petitioner requests a copy of the docket sheet in this case and a copy of the civil rules governing Section 2255 petitions (Doc. 18). Petitioner's request is **GRANTED in part**, as the Clerk is instructed to send petitioner a copy of the docket sheet in this matter. Further, the Clerk is also instructed to send petitioner a copy of the Local Rules of this district. Petitioner should take particular note of the rules regarding motion practice. *See* SDIL-LR 7.1. However, to the extent petitioner seeks a copy of the FEDERAL RULES OF CIVIL PROCEDURE, petitioner's request is **DENIED**. Petitioner will have to obtain the civil rules from the library. The Court reminds petitioner the prosecution of his case is solely his responsibility. The Court shall not provide him step-by-step instructions concerning how best to litigate his claims.

### III.   CONCLUSION

For the above-stated reasons, petitioner motion to recuse (Doc. 17) is **DENIED**. Petitioner's motion for copies (Doc. 18) is **GRANTED in part**, as the Clerk is instructed to send petitioner a copy of the docket sheet in this matter, as

well as the Local Rules of the United States District Court for the Southern District of Illinois.

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2013.

Digitally signed by David R. Herndon
Date: 2013.01.23 16:30:52 -06'00'

**Chief Judge
United States District Judge**