IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL A. COURTRIGHT, III,**

Petitioner,

v.

                Civil Case No. 12-cv-1078-DRH
                Criminal Case No. 07-cr-30179-DRH

**UNITED STATES OF AMERICA,**

Respondent.

### AMENDED MEMORANDUM AND ORDER[1]

**HERNDON, Chief District Judge:**

This cause is before the Court on petitioner's motion for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. 38). In evaluating petitioner's motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and

---

[1] The Court notes that it must amend its previously entered Order granting petitioner's motion for leave to appeal IFP (Doc. 43) as it incorrectly calculated petitioner's required initial partial filing fee based on an inadvertent mix-up of documents. As stated in this Amended Order, petitioner must pay an initial partial filing fee of **$24.33**.

indeed self-contradictory.") That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the petition was dismissed because this Court determined petitioner's claims were either barred from review or without merit. However, the Court is unable to certify that this appeal is not taken in good faith. *See* 28 U.S.C. § 1915 (a)(3).

Full payment of the $505.00 appellate filing and docketing fee is not required in a habeas action under 28 U.S.C. §§ 2241. *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (courts cannot use the installment payment procedure established by the Prisoner Litigation Reform Act (PLRA) in 28 U.S.C. § 1915(b)(2) to collect filing fees in habeas appeals). However, the *Walker* court noted that "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so." *Id.*

In regard to the district court's discretion in ruling on an IFP request, the *Walker* court references *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In *Longbehn*, the district court, after recognizing that the PLRA did not apply to a habeas proceeding, nevertheless exercised its discretion to adopt the PLRA formula in § 1915(b)(1) in order to calculate a reasonable partial payment of an appellate filing fee where the petitioner had requested to proceed IFP. *Longbehn*, 169 F.3d at 1083 (affirming *Longbehn v. Reno*, 27 F. Supp. 2d

1162, 1164 (W.D. Wis. 1998)). The Seventh Circuit stated that this exercise of discretion was sound, and further "commend[ed] [the Judge's] approach to other district judges." *Id.*

Under the approach recommended in *Longbehn*, this Court may appropriately adopt the PLRA formula to calculate a partial payment of the appellate fee. The undersigned Judge is persuaded that this use of § 1915(b)(1) is a proper exercise of the Court's discretion in arriving at a fair, sliding-scale formula for an appropriate partial fee payment.

The Court finds that petitioner is indigent. Therefore, the instant motion (Doc. 38) is **GRANTED**. Based on petitioner's trust fund account statements, **IT IS HEREBY ORDERED** that petitioner shall make a payment of **$24.33** toward the appellate docketing fee, and is granted leave to proceed IFP with respect to the remainder of the fee. A litigant who proceeds IFP still owes the fees. If he wins, the fees are shifted to the adversary as part of costs; if he loses, the fees are payable like any other debt. *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013). Petitioner is **DIRECTED** to pay the **$24.33** to the Clerk of Court upon receipt of this Memorandum and Order. Payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Petitioner is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to appeal this action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were

deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. SDIL-LR 3.1(c)(1).

Finally, Petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**The Clerk is instructed to immediately notify petitioner and the Seventh Circuit of this Amended Order.**

**IT IS SO ORDERED.**
Signed this 8th day of January, 2014.

David R. Herndon
2014.01.08
19:12:10 -06'00'

**Chief Judge**
**United States District Court**